**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 20, 2006**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SANTOS SALAZAR-GARCIA, aka
Rafael Lopez-Parra, aka Julian Torres,
aka Jose Rafael Garcia-Perez, aka
Daniel Casaress, aka Jose Lopez,

    Defendant - Appellant.

No. 05-4100
(D. Utah)
(D.Ct. No. 2:04-CR-198-PGC)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

On April 7, 2004, Santos Salazar-Garcia and his common-law wife, Gloria

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Barragan-Cerna, were indicted on two counts of possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Barragan-Cerna pled guilty to one count of the indictment, leaving Salazar-Garcia as the sole defendant at trial. The government then filed a superseding indictment against Salazar-Garcia, adding charges for conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and illegal reentry after deportation in violation of 8 U.S.C. § 1326. After a two day trial, the jury returned a guilty verdict on all four counts. Salazar-Garcia was sentenced to 240 months imprisonment. On appeal, he argues the trial court erred by admitting at trial a comment Salazar-Garcia made to his wife while they were being detained. We AFFIRM.

**I. Background**

Salazar-Garcia and Barragan-Cerna were stopped by a Utah Highway Patrol trooper for speeding. After checking Salazar-Garcia's license (subsequently determined to contain a fictitious name) and vehicle registration, the officer realized the vehicle was not registered to either Salazar-Garcia or Barragan-Cerna. During the course of the stop, both Salazar-Garcia and Barragan-Cerna appeared nervous. The officer also observed the vehicle had been freshly painted and had new carpeting. He also noticed loose screws sitting in the vehicle and a strong odor of car fresheners and coffee grounds. The officer asked Salazar-Garcia if there were drugs in the car, which he denied. The officer then obtained

Salazar-Garcia's consent to search the vehicle.  While examining the rear of the vehicle, the officer discovered a hidden compartment containing drugs, later determined to be 51.81 kilograms of marijuana and eleven kilograms of cocaine.

The officer arrested the pair and advised them of their rights.  They were transported to the Juab County Jail, where they were searched and detained in separate holding cells.  Two Drug Enforcement Administration (DEA) agents, with the aid of a Spanish interpreter, were set to interview Salazar-Garcia and Barragan-Cerna separately, starting with Barragan-Cerna.  As Barragan-Cerna was escorted from her holding cell, she passed Salazar-Garcia's cell which was across the hall.  Salazar-Garcia shouted something to Barragan-Cerna in Spanish. The interpreter informed the DEA agents that Salazar-Garcia had told Barragan-Cerna "not to say anything."  (Vol. IV. at 79.)  The DEA agents apparently did not record the encounter in their notes and informed the government attorney of this statement only a week before trial.  Salazar-Garcia was subsequently interviewed by the DEA agents and provided some information about himself before invoking his right to remain silent.

Prior to trial, Salazar-Garcia objected to the government's plan to introduce his comment to Barragan-Cerna as evidence of a guilty mind.  Relying on *Doyle v. Ohio*, 426 U.S. 610 (1976), Salazar-Garcia argued the statement was inherently ambiguous and should be excluded under Rule 403 of the Federal Rules of Evidence as it was more prejudicial than probative.  The district court rejected

Salazar-Garcia's argument and ruled the statement admissible, subject to a limiting instruction. At trial, the government introduced the statement through one of the DEA agents who was escorting Barragan-Cerna and to whom the statement was translated. In its instructions to the jury, the district court stated Salazar-Garcia "had a right to remain silent and was advised of that right. He could also inform other people of that right. If you find that he made this statement, and further that his intent was to inform Ms. Barragan-Cerna of her legal rights, you should completely disregard the statement." (Vol. I, Doc. 97 at 19.)

**II. Discussion**

On appeal, Salazar-Garcia repeats the arguments made to the district court. He invokes the reasoning of *Doyle* in support of his argument that his comment should have been excluded under Rule 403 because statements about a defendant's right to silence are inherently ambiguous and therefore not sufficiently probative to outweigh their prejudicial effect.

We review decisions to admit evidence under Rule 403 for an abuse of discretion. *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999). "Under the abuse of discretion standard, we will not overturn the district court's decision unless we are firmly convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Magleby*, 241 F.3d 1306, 1315 (10th Cir. 2001) (quotations

omitted), *cert. denied*, 126 S.Ct. 1879 (2006). In doing so, "we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir. 1994).

Rule 403 allows a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. "The trial court has broad discretion to determine whether prejudice inherent in otherwise relevant evidence outweighs its probative value." *United States v. Youts*, 229 F.3d 1312, 1319 (10th Cir. 2000). "Evidence is not unfairly prejudicial simply because it is detrimental to a party's case." *Magleby*, 241 F.3d at 1315; *see also United States v. Martinez,* 938 F.2d 1078, 1082 (10th Cir. 1991) (same). Unfair prejudice "refers to relevant evidence that has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one.'" *Stump v. Gates,* 211 F.3d 527, 538 (10th Cir. 2000) (quoting 1972 Advisory Committee's Notes to FED. R. EVID. 403). "We have stated on numerous occasions that the exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988) (quotations omitted).

In *Doyle*, the Supreme Court held that a defendant's post-arrest post-

*Miranda* warning silence could not be used against him at trial, even to impeach. 426 U.S. at 617-18 (discussing *Miranda v. Arizona*, 384 U.S. 436 (1966)). The Supreme Court reasoned that a defendant's post-*Miranda* warning silence was "insolubly ambiguous" because "[s]ilence in the wake of these warnings may be nothing more than the arrestee's exercise of [his] Miranda rights." *Id*. at 617.

However, as Salazar-Garcia concedes, this is not an actual *Doyle* situation because Salazar-Garcia's words, not his silence, are being used against him.[1] Rather, Salazar-Garcia attempts to extend the reasoning of *Doyle* to cases where a defendant comments on his, or another's, right to silence. The First Circuit confronted a similar argument in *United States v. Lopez-Lopez* and held that "[w]hen an accused is given his *Miranda* rights, and then waives those rights by voluntarily making statements, he may not rely on *Doyle* to object to the admission of those statements simply because the statements refer to the act of keeping silent." 282 F.3d 1, 12 (1st Cir. 2002) (upholding the admission of one defendant's terse "don't answer" comment to another defendant). We agree and find *Doyle* inapposite to this case.

This outcome is especially appropriate where, as here, the defendant's comment was not about his or another party's right to remain silent, but rather a

---

[1] We highlight that we are not confronted in this case with the express invocation of the right to silence by a defendant. At best, it is a comment about the existence of another's right to silence.

command to a co-defendant "not to say anything." (Vol. IV at 79.) While the former might be insolubly ambiguous, the latter clearly allows for the possibility that the defendant is urging a co-conspirator not to reveal incriminating information. Thus, a jury is free to infer a guilty mind from a statement by one defendant to another to not say anything to the police. *See Lopez-Lopez*, 282 F.3d at 13 (comment by one defendant that the other should not answer questions "tends to be incriminating" but is not "powerfully" so).

Salazar-Garcia concedes his comment to Barragan-Cerna "may infer some knowledge of guilt but certainly does not present conclusive evidence of his state of mind." (Appellant's Br. at 10.) But providing "conclusive evidence" of a defendant's state of mind is not the standard for admissibility. Salazar-Garcia's comment to Barragan-Cerna is undoubtedly relevant. *See* FED. R. EVID. 401 ("'Relevant evidence' means evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action *more probable or less probable* than it would be without the evidence.") (emphasis added). And Salazar-Garcia provides no basis, other than his unsuccessful *Doyle* challenge, to establish that the probative value of admitting his comment is *substantially* outweighed by any *unfair* prejudice resulting from its admission. *See Magleby*, 241 F.3d at 1315 ("Evidence is not unfairly prejudicial simply because it is detrimental to a party's case.").

Finally, Salazar-Garcia attempts to attack the main trial evidence

establishing his state of mind: Barragan-Cerna's testimony. He invites us to examine Barragan-Cerna's credibility by alleging "she had significant motives to lie." (Appellant's Br. at 13.) We decline to inquire into Barragan-Cerna's credibility or to weigh the value of her testimony in the context of this trial. "It is not the role of an appellate court to consider the credibility of the witnesses or weigh the conflicting evidence, as these matters are within the exclusive province of the jury." *United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 468 (2006).

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge